IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSE JUAN ORANTES INTERIANO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    1:26-cv-00590 (RDA/WBP) |
| | ) |
| TODD M. LYONS, *et al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |

## ORDER

On February 3, 2026, Petitioner Jose Juan Orantes Inetriano filed a Petition for Writ of Habeas Corpus. *See Orante Interiano v. Bondi*, No. 1:26-cv-320 (E.D. Va.) ("*Orante Interiano I*").[1] In *Orante Interiano I*, Petitioner challenged his detention under the Immigration and Nationality Act ("INA"), asserting that: (i) he was misclassified as subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A); and (ii) his Fifth Amendment rights were being violated. *Id.* On February 11, 2026, the Court granted the Petition, recognizing that Petitioner "falls into the category of 'aliens already in the country' subject to the discretionary detention provisions in § 1226(a)." *Orante Interiano I*, Dkt. 5, Order, dated February 11, 2026. The Court directed that Petition be provided with a bond hearing before an Immigration Judge and prohibited Respondents from denying bond to Petitioner on the basis that he is detained pursuant to Section 1225. *Id.* After that case closed, Petitioner has filed no further matters in *Orante Interiano I*.

On February 27, 2026, without recognizing this Court's decision in *Orante Interiano I*, Petitioner filed the pending Petition. Dkt. 1. The pending Petition seeks the same relief as *Orante*

---

[1] In *Orante Interiano I*, Petitioner was represented by different counsel than with respect to the current petition.

*Interiano I*; the Petition asserts that Petitioner is being detained pursuant to Section 1225 such that he is unable to obtain a bond hearing. *Id.* ¶ 49. Specifically, the Petition asserts a violation of the INA premised on Petitioner's detention under Section 1225, his inability to obtain a bond hearing under Section 1226. *Id* at 12-15.

As an initial matter, the Petition is factually incorrect insofar as it asserts that "Petitioner is unable to obtain review of his custody by an [Immigration Judge.]" Dkt. 1 ¶ 15. As Respondents demonstrated, Petitioner received a bond hearing on February 17, 2026. Dkt. 5-1. Thus, Petitioner has received the bond hearing to which he was entitled. Moreover, in *Orante Interiano I*, this Court already determined that Petitioner was subject to detention under Section 1226(a) and not Section 1225(b). Thus, this new Petition is both duplicative and moot. *See Cheatham v. Muse*, 554 F. App'x 245, 245 n.1 (4th Cir. 2014) (unpublished) (noting that, if a district court determines two cases are duplicative, it may consolidate them or dismiss a case); *Harrison v. South Carolina*, 126 F. App'x 100, 101 (4th Cir. 2005) (per curiam) (unpublished); *see also Hossain v. Lyons*, No. 1:25-cv-1841, Dkt. No. 21, at 5 (E.D. Va. Nov. 20, 2025) ("Based on the Immigration Judge's independent grounds for denying bond, Hossain's Petition is moot because he has already received the only relief he can obtain from this Court: a bond hearing before an Immigration Judge, who must determine whether he poses a danger to the community, and whether he is a flight risk."). Accordingly, the Petition will be denied.

Seeking to avoid this conclusion, Petitioner's counsel seeks to recharacterize the Petition in Reply. Dkt. 10. Indeed, Petitioner's Reply is nonsensical in that it argues that the "belated bond hearing does not cure the statutory and constitutional violations described in the Petition" and yet the relief Petitioner seeks is "a constitutionally adequate bond hearing." Dkt. 10 at 3. To the extent that Petitioner relies on his argument that he is detained under Section 1226 rather than Section

2

1225, this Court agrees and has already so found in *Orante Interiano I*. Thus, there is no additional relief for the Court to provide in that regard. Moreover, although the Reply places great emphasis on a "constitutionally adequate bond hearing," Petitioner identifies no way in which his February 17, 2026 hearing was constitutionally inadequate and it is his burden to carry. Dkt. 10 at 2. Accordingly, there is no other relief for the Court to provide – Petitioner was provided with a bond hearing pursuant to Section 1226 and has not identified any deficiency with respect to that hearing.

Accordingly, it is hereby ORDERED that the Petition (Dkt. 1) is DENIED and the Clerk of the Court is DIRECTED to place this matter among the ended causes.

The Clerk is directed to forward a copy of this Order to all counsel of record.

Alexandria, Virginia
May  12 , 2026

/s/

Rossie D. Alston, Jr.
United States District Judge

3